Somerset Colliery Company *v.* John, Appellant.

*Mortgage—Set-off—Parol agreement—Evidence—Unliquidated damages.*

On the trial of a scire facias on a mortgage, the defendant may show by parol evidence that at the time when the mortgage was given, certain claims of the defendant against the mortgagee were in existence, and that it was agreed between the parties that such claims should be adjusted when the mortgage should fall due and in connection with its payment.

Liquidated claims may properly be used by way of set-off under the defalcation act; unliquidated claims can be so used only as an agreement to this effect be shown.

It is error to reject an offer of set-off in either case on the ground that such offer tends to contradict or change by parol the written instrument.

Argued Oct. 25, 1907. Appeal, No. 105, Oct. T., 1907, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1905, No. 18, on verdict for plaintiff in case of Somerset Colliery Company v. A. F. John. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter and Stewart, JJ. Reversed.

Scire facias sur mortgage.

At the trial the whole of defendant's case was as follows :

Mr. Ruppel : I offer the agreement between A. F. John, of the first part, and John A. Clark and William A. Somerville, of the second part, dated August 28, 1901.

We shall follow this by proof of another agreement of the same date between the same parties, relating to the same subject-matter, by which it was provided that the lessors, Clark and Somerville, or their successors to the lease, shall erect a mining plant or other improvements in connection with the mines at a cost of at least $8,000, and, in case of failure, to pay said A. F. John the said sum of $8,000.

To be followed by proof that at the time the mortgage was

given it was agreed between the parties that the question of
damages to the mine under this lease and the question of pay-
ment of the $8,000 under the agreement between the same
parties, should be adjusted between the parties when the pay-
ments of the mortgage fell due, and that at the time the mort-
gage was given the question of damages to the mine and the
claim of John for $8,000 for failure to erect the mining plant,
or mining improvements provided for, were discussed, and it
was agreed between them that the matter should be left open
till the payment of the mortgage fell due, and the matters
then adjusted between the parties in connection with the pay-
ment—this agreement being in parol.

Mr. Kooser : These offers of evidence are objected to as
irrelevant, immaterial and incompetent ; all matters arising
under the lease or agreement offered are closed by the sale and
mortgage in suit ; it is not competent to prove by parol any such
purpose as evidence—any matters to alter or contradict the
written instrument.

The agreement is further objected to for the reason that
copies have not been furnished with the pleadings, as required
by rule of court.

Mr. Ruppel : In reply we wish to state that an affidavit of
defense was filed and copies of the agreement given with it.
Notice of special matter was filed and the agreements referred
to and the statement made : " A copy of said agreements,
marked exhibit ' A ' and exhibit ' B,' is attached to said
affidavit of defense, and is also in possession of the plaintiff."

The Court : The objection is sustained on the ground that
the proposed oral testimony tends to contradict or change the
written instrument upon which the plaintiff relies.

Mr. Ruppel : Your honor, we move to amend the pleadings
and give copies of the agreement.

The Court : Very well, you may file the copies.

Mr. Ruppel : We now renew our offer.

Mr. Kooser : We renew the same objection.

The Court : And we renew the same ruling, and note an ex-
ception and seal a bill as to both parties.

Mr. Ruppel : We have nothing further, your honor.

Verdict and judgment for plaintiff for $21,296.62.   Defend-
ant appealed.

*Error assigned* was ruling on evidence, quoting the whole of the defendant's case.

*W. H. Ruppel* and *W. H. Koontz*, with them *J. G. Ogle*, for appellant.—The set-off sought to be introduced here consists of two items : 1. That of unliquidated damages resulting from negligent mining.    2. The amount stipulated to be paid in case of failure to erect the improvements, $8,000.

In the absence of a contract the claim for unliquidated damages could not be used as a set-off : Kelley v. Tibbals, 53 Pa. 408 ; Hopkins v. Stockdale, 117 Pa. 365 ; Philadelphia v. O'Conner, 23 Pa. C. C. Rep. 653.                                 :

As to the $8,000 claim it may be argued that under the defalcation act it was the duty of the defendant to raise that question in this proceeding, or else be barred from setting up a subsequent claim therefor ; or, being an equity which the defendant could make use of, that he would have the right, independent of the question of contract, to use it as a set-off in this action : Leitz v. Hohman, 207 Pa. 289.    But in any event there was nothing to show, and no allegation even made, that the defendant had released his rights or claims as to either of these items, and by agreement between the parties it was perfectly legitimate to refer the matter for adjustment in connection with the collection of the mortgage. The mortgagees were nonresidents of the county.    To settle the disputed question in connection with the payment of the mortgage would have insured the defendant against any possible hardship or inconvenience of seeking the mortgagors in another forum.    Again, in the absence of a special agreement it might be argued, as was done in this case in the objection to the offer, that all matters between the parties relating to this subject-matter were merged in the mortgage.    This, however, would be a mere presumption or inference, which can be rebutted by oral testimony.

*Ernest O. Kooser*, with him *Dickson, Beitler & McCouch*, for appellee.—A written agreement contains all the prior or contemporaneous negotiations and agreements of the parties with reference to the subject-matter thereof, as said by Mr. Justice Brown in Krueger v. Nicola, 205 Pa. 38 : Kaufmann v. Fri-

day, 201 Pa. 178 ; Stewart v. Gas Coal Co., 207 Pa. 220 ; Hatfield v. Thomas Iron Co., 208 Pa. 478 ; American Home Savings Bank Co. v. Trust Co., 210 Pa. 320.

The conveyance by deed in pursuance of agreement raises a strong presumption of satisfaction of all previous covenants. To rebut this presumption the contrary intention of both parties must be clear and manifest : Scitzinger v. Weaver, 1 Rawle, 377.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :

This was a proceeding by scire facias on a mortgage. On the trial defendant offered to set off against plaintiff's demand two distinct claims held in his own right against the mortgagee. Part of the offer was to show that at the time the mortgage was given, these claims being then in existence, it was agreed between the parties that they should be adjusted when the mortgage fell due and in connection with its payment. The offer was rejected on the ground that it tended to contradict or change by parol the written instrument on which the plaintiff relied. This was a misapplication of the rule. In no sense would the evidence under the offer contradict or vary the terms of the mortgage. If the claims embraced in the offer were such as could be properly used by way of set-off under our defalcation act, the agreement between the parties that they might be so used, was of no consequence whatever. The question was, were they such claims ? If they were, the evidence supporting them should have been admitted, leaving it to the jury to decide as to its sufficiency, under proper instructions. Mortgages are not excepted out of the general defalcation act, and they may be reduced by way of set-off just as other evidences of indebtedness. Defendant's offer was to prove two distinct claims by way of set-off, first, a liquidated indebtedness of $8,000 arising on written articles of agreement by which the appellee became bound to pay to the appellant this specific sum upon a certain default, which appellant proposed to prove had occurred ; and second, a claim for unliquidated damages for failure on part of appellant to operate certain leased coal mines according to the terms of its agreement. With respect to the first, defendant's right to set it off, providing his proof be adequate and the claim a liqui-

dated one, is not open to doubt. This right he would have under the statute. The second being a claim for unliquidated damages, and therefore not of equal dignity with the mortgage, his right of set-off with respect to it, if any such right exists, must be derived from the agreement he alleges with respect to it. The law denies the right of set-off where the claim is for damages arising ex contractu, and the damages are not capable of liquidation by any known legal standard. " A debt or the damages which can be set off as an independent counterclaim must be such as a jury can find and liquidate in the ordinary way just as if the defendant were a plaintiff suing in debt, assumpsit or covenant : " Russell v. Miller, 54 Pa. 154.

Our cases are quite consistent, however, in holding that even such claims may be applied as a credit or set-off where the parties have so agreed. It is only necessary to refer to Hopkins v. Stockdale, 117 Pa. 365. The only assignment of error relates to the rejection of defendant's offer, and it is sustained.

Judgment reversed, and venire facias de novo awarded.