## Potter Title & Trust Co., Appellant, *v.* Quilter.

*Mortgages—Defenses—Payment—Evidence—Admissibility.*

On a scire facias sur mortgage given by a sister to her brother, both dead at the time the writ issued, to secure money which she borrowed for the purchase of the mortgaged premises in which she lived with him, evidence of facts, circumstances and declarations by the parties, from which could be inferred an agreement by the brother that amounts due the sister for board should go in liquidation of the mortgage was admissible in support of the defense of payment and was not objectionable as an attempt to vary by parol the terms of a written instrument.

Argued Oct. 14, 1914. Appeal, No. 92, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 1998, on verdict for defendant, in case of Potter Title & Trust Company, Administrator of the Estate of Lawrence P. Mangan, Deceased, v. Richard J. Quilter, Executor of the Estate of Bridget E. Mangan, Deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Supreme Court.

*W. Heber Ditrich,* with him *Thomas & Arthur,* for appellant.

*Samuel H. Gardner,* with him *Edward J. I. Gannon,* for appellee.

PER CURIAM, January 2, 1915:

The parties to the mortgage on which action was brought were sister and brother and both had died before the scire facias issued. Each had a small income from separate earnings and they had lived together a number of years in a house owned, furnished and maintained by the sister and paid for in part with money borrowed from her brother and secured by the mortgage in suit. The defense was payment and in support thereof testimony was offered to show facts and circumstances and declarations of the parties from which an agreement by the brother that the amounts due for board should go in liquidation of the mortgage, might be implied. The admission of this testimony is the only error assigned. It was objected to as an attempt to vary by parol the terms of a written agreement. It was not offered or admitted for that purpose but to show payment in a manner agreed to and carried into effect by the parties. For this it was admissible: Somerset Colliery Co. v. John, 219 Pa. 380.

The judgment is affirmed.