Shafer *v.* Harris et ux., Appellants.

Argued December 10, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*Harvey Huffman,* and with him *W. B. Filenberger*
and *Harold C. Edwards,* for appellants.—When deduc-
tions are set up in an affidavit of defense they are
liquidated: North German Lloyd Steamship Com-
pany v. Wood, 18 Pa. Superior Ct. 488; Haines, Jones,
Cadbury Company v. Young, 13 Pa. Superior Ct. 303.

*C. Raymond Bensinger,* and *F. B. Holmes,* for ap-
pellees.—Unliquidated damages for a tort are not the
subject of a set-off: Kelly v. Tibbals, 53 Pa. 408;
Kitchen v. Smith, 101 Pa. 452; Roth v. Reiter, 213 Pa.
400.

OPINION BY TREXLER, J., January 29, 1930:

W. A. Shafer died seized of what was known as the Indian Queen Hotel property in Stroudsburg, Pa., consisting of real estate, personalty and mixed property. He was survived by a son, Jacob Shafer, a daughter, Myrtle Harris, one of the appellants, and Frances, his widow. On June 8, 1920, the above parties entered into an agreement for the sale of the entire hotel establishment to Hal H. Harris, the husband of Myrtle, the latter as heir at law having inherited an undivided one-half. On June 30, 1920, a deed was given to him by Jacob and his wife and Frances the widow for the hotel property and a bill of sale was passed for the personal property. A mortgage was given by Harris and his wife to Jacob Shafer conditioned for the payment of twenty thousand dollars. This sum was paid, excepting $1,841.11, the last payment having been made August 29, 1921. A sci. fa. was issued the 13th of April, 1928, for the recovery of the balance. The defendants filed an affidavit of defense which the court deemed insufficient and entered judgment in favor of the plaintiff.

The items for which credit is claimed are articles removed from the hotel property by Jacob Shafer including some intoxicants, moneys withdrawn from a bank account by Jacob Shafer, said account being the accumulation of moneys received from June 8th, the date of the agreement, to the 30th, the date of its consummation, and also accounts collected by Shafer which should have passed to Harris.

The lower court held that all these items were obviously unliquidated. The value of the furniture was stated in a lump sum and was a mere estimate unaccompanied by an assertion that the value had been agreed upon or in any way settled. The same observation applies to the checks which the lower court says, in order to have standing as a setoff to the mortgage,

should have been reduced to judgment. In support of his position, the judge cites Somerset Colliery Co. v. John, 219 Pa. 380.

The court adds that the removal of the chattels alleged to have been accomplished by the plaintiff after they were in the possession of the defendants was purely and simply a tort, unrelated to the transaction of which the mortgage was part and the matter had been closed as to the chattels when the defendant obtained possession of them. The position taken by the court seems to be warranted.

The last reason assigned for the conclusion reached by the court is that the defendants' claim is barred by the statute of limitations we think is also decisive of the matter. The parties bound by the agreement were Jacob Shafer and Frances Shafer and upon a failure to perform their promises, the remedy must be sought against them. The giving of the mortgage to Jacob Shafer alone was a detached matter. These matters set out by the defendant cannot be regarded as payment on the mortgage. There is no such thing as payment without material extinction of debts and that could not be had without an application of them to each other by the concurrent act of the parties: Carmalt v. Post, 8 Watts 406, 411; s. c. 2 W. & S. 70. See Gumpert v. Ell, 4 D. R. 257; Ryan v. Casey, 1 Pearson 153. So admitting arguendo the right of setoff, the existence of the counterclaim did not automatically extinguish the mortgage pro tanto. The defendants' claim continued its existence, for it had not been applied to the liquidation of the mortgage. It had been demandable at any time. The existence of the mortgage did not prevent suit to enforce defendants' demands. When six years passed the bar of the statute could be invoked and the lower court was right in denying plaintiff's setoff.

The judgment is affirmed.