# United Shoe Machinery Co., Appellant, v. Hirst.

*Bailment—Lease of machinery—Penalty—Liquidated damages—Contract.*

Where a lease of machinery provides in one clause, that upon the termination of the lease, the lessees shall return the machinery in good order, and pay to the lessor "such sum as may be necessary to put the leased machinery in suitable order," to let again, and in another clause provides that on the termination of the lease the lessee "shall pay to the lessor as partial reimbursement to the lessor for deterioration of the leased machinery, expenses in connection with the installation thereof, and the instruction of operators," an amount specified, and the payment of this amount is made in other portions of the lease dependent upon the default of the lessee to perform the covenants "of this or any other lease......between the lessor and lessee," the sum so stipulated to be paid on such default must be held to be a penalty merely, and not liquidated damages.

324, (1918).] Statement of Facts—Opinion of the Court.

Argued Nov. 14, 1917. Appeal, No. 228, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 3770, on verdict for plaintiff in case of United Shoe Machinery Company v. Anthony A. Hirst. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a surety bond. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $37. Plaintiff appealed.

*Error assigned,* among others, was in overruling motion for judgment non obstante veredicto.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellants.

*Henry J. Scott,* with him *Daniel C. Donoghue,* for appellees.

OPINION BY PORTER, J., October 12, 1918:

The plaintiff company leased to John McBrearty, under nine distinct leases, twenty-three patented shoe manufacturing machines. Under these leases the term might have extended for seventeen years, but it was within the discretion of the plaintiff to terminate it at an earlier date. The defendant, Hirst, under a separate written agreement, became surety for the faithful performance by McBrearty of all the terms, conditions, stipulations and obligations imposed upon him by the provisions of the several leases for the term of one year, and further covenanted, upon the termination of said lease and license agreements, whether during the continuance of this agreement or at the expiration of one year, to cause to be returned to the United Shoe Machinery Co. the machines covered by said lease and license agreements, and "pay to the said United Shoe

Machinery Co. the amounts becoming due upon such termination of such leases under the terms thereof for return charges, expenses and repairs, freight, etc." McBrearty operated the machines under the terms of the lease, and during the course of the year paid to the plaintiff the various amounts which became due for rentals, royalty and merchandise, according to the covenants of the agreements.   Immediately prior to the end of the year for which the defendant had become surety he notified the plaintiff company that he would not continue liable as surety beyond the term of one year covenanted for in his original written agreement.  The plaintiff, in November, 1910, caused the machinery to be removed from lessee's place of business, and to be returned to it at Beverly, Mass.   Under the terms of the lease the expenses incidental to the return of the machinery to the plaintiff at Beverly, Mass., were payable by the lessee, as was also such sum as might be reasonably necessary to put the leased machinery in suitable order and condition to be leased to another lessee.   The plaintiff, in January, 1911, after making repairs to the machinery, submitted an itemized account to the lessee, McBrearty, for various items of expense incidental to putting the leased machinery in suitable order and condition to lease to another lessee, and a charge for freight for the return of the machinery to plaintiff at Beverly.   The surety, this defendant, conceded his liability for these items and paid the same to the plaintiff.   The plaintiff subsequently brought this action, asserting the right to recover $2,345.21, under certain covenants of the leases hereinafter recited.   It recovered a verdict and judgment for $37 in the court below, and from that judgment plaintiff appeals.

The rights of the parties to this litigation are dependent upon what the lessee was required, under the terms of the leases, to do and pay upon the termination of the agreements and the return of the property.   There is some variation in the wording of the several leases, but

the parties are agreed that the lease which was called Exhibit C in the court below fairly presents the question. The tenth paragraph of that lease contained the following covenant, viz: "Upon the expiration or termination of this agreement or any extension thereof or of the lease and license herein contained, the lessee shall forthwith deliver the leased machinery to the lessor at Beverly, Mass., in good order, reasonable wear and tear alone excepted, and shall thereupon pay to the lessor without prejudice to any other rights or remedies of lessor, such sum as may be necessary to put the leased machinery in suitable order and condition to lease to another lessee." Concerning the meaning of this covenant the parties are in accord, and the plaintiff has been paid or in this proceeding has obtained a judgment for all that it can demand under this covenant.

The covenant out of which the controversy arises is found in the eleventh paragraph of the exhibit. "Upon the expiration or termination of this agreement or any extension thereof or of the lease and license hereby granted the lessee, in addition to all other payments in this agreement provided for and without prejudice to any other rights or remedies of the lessor, shall pay to the lessor as partial reimbursement to the lessor for deterioration of the leased machinery, expenses in connection with the installation thereof and instruction of operators, an amount in respect of each machine hereby leased equal to two-thirds of the sum set opposite the name of such machine in the column numbered '1' in the schedule of machines hereinbefore contained; provided, however, that in case the lease and license hereby granted shall continue throughout the full term of seventeen years hereinbefore provided for as the full term of this agreement and the lessee at the time of returning the leased machinery at the end of said full term shall not be in default as to any of the payments under or other conditions, stipulations or provisions of this or any other lease or license agreement between the lessor and the

lessee; then the payment in this article hereof provided for shall not be required to be made."

The appellant contends that this covenant is clear and without ambiguity, and calls for the payments of these sums at the expiration of the agreement, and the return of the machines.   The court below held that this covenant was for a penalty and permitted a recovery for such damages only as the evidence established.   These agreements are drawn with great ingenuity, but in order to determine the nature of the covenant in question we must take into consideration all the provisions of the instrument.   The mere fact that the parties call it compensation for deterioration of the machines is not conclusive. If from all the provisions of the contract the sum required to be paid by this covenant is disclosed to be a penalty for the violation of collateral covenants, a penalty it must be held to be.   The proviso, embodied in the very heart of the covenant itself, shows that it was not the intention of the parties that these amounts should be paid in case the lease continued during the full term unless there was a default in the payments under or other conditions of this or some other lease.   The default which would render the lessee subject to this penalty might be upon a lease for some machine of trifling value, executed at some time in the future.   If the lessee was not in default then he was not required to pay these charges; it was the default which rendered him liable to pay.

The twelfth paragraph of the contract covenanted that, in case the lessee had in his factory more machines adapted for doing the same work than in the opinion of the lessor were sufficient for performing the work, the lessor might, at its option, terminate the lease in respect to such machines as in its opinion were unnecessary; but it expressly covenanted that in case the lease of any machine was thus terminated, "then, provided the lessee is not at the time of such termination in default as to any of the payments under or other conditions, stipulations

or provisions of this or any other lease or license agreement between the lessor and the lessee, neither the payment provided for in Article XI hereof in respect to this machine or machines nor any further payments under the provisions of Article VII hereof in respect to such machine or machines shall be required to be made." Here again we have these charges provided for by paragraph 11 made dependent upon the default of the lessee to perform the covenants of this or some other lease.

The only other provision which we find in the agreement relating to a termination of the lease is in the tenth paragraph. "The term of this agreement shall be seventeen years from the date hereof. The lease of the leased machinery and license to use the same hereby granted shall continue, unless sooner terminated by the lessor as in this agreement provided, for the full term of this agreement, but, if any breach or default shall be made in the observance of any one or more of the conditions in this agreement contained or contained in any other lease or license agreement subsisting between the lessor and lessee,......the lessor shall have the right by notice in writing to the lessee to terminate forthwith any or all leases of or licenses to use machinery then in force between the lessor and lessee......and this notwithstanding that previous breaches or defaults may have been unnoticed, waived, or condoned by or on behalf of the lessor." This paragraph gave to the plaintiff company the right to terminate the lease of any machine, upon default of the lessee to observe any covenant of this or any other agreement between the lessor and the lessee. In case the lessor saw fit to exercise this power and terminate the lease of any machine, for default of the lessee to perform any covenant, however unimportant, in this or any other lease, can it be said that to require the lessee to pay the amount stipulated for in the eleventh paragraph to be paid on termination of the agreement would not be the exaction of a penalty? It is idle to argue that the exaction is made because the agreement

has terminated and not because of the failure of the lessee to observe his covenant.    The failure to observe the covenant lies at the very root of the whole matter.

The payments provided for by the eleventh paragraph of the agreement cannot be sustained as liquidated damages.    The contract, in effect, made these amounts payable upon the breach by the lessee of any covenant contained in this or any other contract between him and the lessor.    The covenants of the lessee were many and varied, for a breach of some of them the damages could not be ascertained by any exact pecuniary standard, but as to a breach of other covenants the damages could be certainly and readily ascertained by a jury.    This being the case the sum stipulated to be paid must be held to be a penalty merely, and not liquidated damages: Stewart v. Turner, 67 Pa. Superior Ct. 255.

The judgment is affirmed.