## Stewart v. Turner, Appellant.

*Contracts—Breach of contracts—Loss of profits.*

In an action for breach of contract there is no legal obstacle to the recovery of damages for lost profits.

Profits are not excluded from recovery, because they are profits; but when excluded, it is on the ground that there is no satisfactory standard by which to estimate the amount, with the certainty on

which the adjudications of courts and findings of juries should be based. Profits which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself and must be accepted as within the contemplation of the parties at the time of the execution thereof. If it reasonably appears that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages, if the evidence is sufficiently certain and definite to warrant a jury in estimating their extent.

*Practice, C. P.—Statement of claim—Damages—Amendment.*

When plaintiff in his statement avers a good cause of action but makes a mistake as to the measure of damages to which he is entitled, it is always proper to permit him to amend by stating the proper measure. When a cause has been tried upon its merits, the testimony directed to the true issue and proper instructions given to the jury as to the measure of damages, such amendment is allowable even after a verdict.

Argued March 3, 1919. Appeal, No. 39, March T., 1919, by defendant, from judgment of C. P. Luzerne Co., May T., 1916, No. 576, on verdict for plaintiff in case of William W. Stewart, William H. Stewart, Horace E. Stewart, Charles E. Stewart, Allen R. Stewart, doing business as W. W. Stewart & Sons, v. C. S. Turner and C. S. Turner, doing business as C. S. Turner Company. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit on written contract. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,119.76 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, answers to points and in allowing amendment to plaintiffs' statement.

*W. Alfred Valentine,* and with him *T. B. Miller,* for appellant.—Damages for loss of profits by the violation

235, (1919).]    Arguments—Opinion of the Court.

of a contract cannot be recovered where they are uncertain, remote or speculative: Spiese v. Mutual Tr. Co., 258 Pa. 426; Clyde Coal Co. v. P. & L. E. R. R. Co., 226 Pa. 391; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45; Cornelius v. Lytle, 246 Pa. 205.

*M. J. Mulhall,* for appellee.—It was proper to allow the plaintiff to submit evidence as to loss of profits: Hendler v. Quigley, 38 Pa. Superior Ct. 39; Wilson v. Wernwag, 217 Pa. 82.

OPINION BY PORTER, J., July 17, 1919:

This is a second appeal in this litigation from judgments entered by the court below, our decision in the former appeal is reported in 67 Pa. Superior Ct. 255. The facts are fully stated in the former opinion and it is not necessary here to repeat them. We there held that the sum which the parties had in their contract provided should be paid as a penalty for a breach of the contract, was a penalty and not liquidated damages. The case went back to the court below and was tried by a jury. The plaintiffs at the trial moved to amend their statement by striking out the eleventh paragraph thereof, which averred their right to recover the sum of one thousand dollars as liquidated damages, and to add to paragraph ten of the statement the following words: "As a result of said violations they suffered damage in the sum of thirty-five hundred dollars, to recover which this suit is brought." This amendment did not introduce a new cause of action, it was merely another way of stating that they were entitled to the damages lawfully recoverable for the breaches of the contract averred in the statement originally filed. When a plaintiff in his statement avers a good cause of action but makes a mistake as to the measure of damages to which he is entitled, it is always proper to permit him to amend by stating the proper measure. When a cause has been tried upon its merits, the testimony directed to the true issue and proper in-

structions given to the jury as to the measure of damages, such amendment is allowable even after a verdict.

The pleadings in this case established all the facts essential to a good cause of action in the plaintiffs. The plaintiffs had agreed to sell to the defendant at fixed prices, during a definite period, certain brands of cigars manufactured by them, which had a well established reputation in the trade and had covenanted that the defendant should have the exclusive right to sell such brands of cigars in the States of Delaware and New Jersey and in many of the most populous counties, including Philadelphia, in the State of Pennsylvania. The defendant had in the written agreement covenanted to make diligent efforts to sell said brands of cigars and not to sell any other ten cent cigars in the territory. He did for a few months make efforts to sell such cigars and did a large amount of business. Within six months after entering into the contract, and while it was still in force, the defendant began to operate a cigar factory of his own and manufactured cigars of his own brand similar to, in imitation and to the displacement of the plaintiffs' products. He refused orders from his customers for plaintiffs' goods, of which he had the exclusive control, and abandoned the sale of said goods, substituting those of his own manufacture. The sale of plaintiffs' goods in the territory controlled by the defendant practically ceased. The plaintiffs about three months later discovered the fraud which the defendant was practicing, notified him that because of his misconduct they would no longer be bound by the contract and that they would hold him for damages. They subsequently brought this action averring the right to recover the damages which they had suffered during the period that the defendant had ceased to comply with his contract down until the time the plaintiffs had notified him of their refusal to proceed further under it, that is, during a period of about three months. The damage which the plaintiffs suffered was, of course, loss of profits. The contention of the learned counsel

for the defendant is that any profits which the plaintiffs might have realized had the defendant complied with his contract are so conjectural and speculative that they cannot be made a basis of recovery in this action. Nearly all the assignments of error go to the admission of the testimony introduced by plaintiffs for the purpose of showing the amount of business which had been transacted during the time defendant complied with his contract, the amount of business which ought to have resulted from the compliance of the defendant with his contract during the period that he persisted in violating it, and the amount of profits reasonably to be expected by the plaintiffs. Considering the assignments of error, in the light of the facts established by the pleadings, we are not convinced that they are well founded. In a proper case there is no legal obstacle to the recovery of damages for lost profits. There may in many cases be difficulty in establishing the right under recognized rules of evidence. Profits are not excluded from recovery, because they are profits; but when excluded it is on the ground that there is no satisfactory standard by which to estimate the amount with the certainty on which the adjudications of courts and findings of juries should be based. Profits which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself and must be accepted as within the contemplation of the parties at the time of the execution thereof. If it reasonably appears that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages if the evidence is sufficiently certain and definite to warrant a jury in estimating their extent: Wilson v. Wernwag, 217 Pa. 82; Hendler v. Quigley, 38 Pa. Superior Ct. 39. There were in the present case certain elements which naturally enter into the computation of profits which were established by the pleadings. The prices which the defendant was to pay for the several brands of cigars were not dependent

upon the varying conditions of the market, they were fixed by the contract. The brands of cigars had an established reputation and had long been manufactured by the plaintiffs. The plaintiffs produced evidence certainly sufficient to warrant the jury in finding the amount which it cost the plaintiffs to produce the several brands of cigars, thus making the amount of profit realized upon any given quantity of the goods readily ascertainable. If for any reason the cost of production was at that time unusually high that fact the defendant could have produced evidence to establish. The only other element remaining necessary to ascertain the profits which ought to have been realized from a performance of the contract was the quantity of goods which defendant ought to have taken. The plaintiffs produced testimony clearly showing the extent of the business during the months that the defendant had complied with his contract and followed this with evidence of the decreased volume as soon as the defendant began to fraudulently substitute his own goods. This evidence was properly admitted and was sufficient to warrant the jury in determining with reasonable certainty the amount of business which would have resulted from a faithful performance of the contract upon the part of the defendant: Pittsburgh Gauge Co. v. Ashton Valve Co., 184 Pa. 36. The assignments of error are overruled.

The judgment is affirmed.