# Stevenson *v.* Smith, Appellant.

*Contracts—Theatre programs—Liquidated damages.*

In the case of a breach of contract damages may be recovered for loss of profits, the direct and immediate fruits of the contract itself and ascertainable with reasonable certainty, when they are the natural result of such breach, or which, under the circumstances, the parties may have contemplated at the execution of the contract as the probable result of its breach. But damages for the loss of profits for the violation of a contract may not be recovered where they are uncertain, remote or speculative, or when they grow out of a subsequent collateral or subordinate undertaking which was entered into upon the faith of the principal contract.

In an action of assumpsit for damages for breach of contract to print theatre programs, the plaintiff is entitled to a verdict where he proves the amount he would have received each week during the continuance of the contract, less the necessary expenses incident to the printing of the programs.

Argued October 10, 1923. Appeal, No. 203, Oct. T., 1923, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 904, on verdict for plaintiff, in the case of Thomas H. Stevenson v. Michael John Smith. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff in the sum of $1,177.50 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points and the charge of the court.

*Barry H. Hepburn*, for appellant.—The contracts for advertising space in the programs were not admissible

in evidence: Adams Express Company v. Egbert, 36 Pa.
360; Hadley v. Baxendale, 9 Ex. 341; Masterson v.
Mayor of Brooklyn, 42 Am. Dec. 38; Clyde Coal Company v. Railroad, 226 Pa. 391; David v. Witmer, 46 Pa.
Superior Ct. 307; Stewart v. Turner, 72 Pa. Superior
Ct. 235.

*Victor Frey,* and with him *Augustus T. Ashton,* for
appellee.

OPINION BY TREXLER, J., February 29, 1924:

The parties to this suit entered into an agreement
dated February 23, 1921, whereby the plaintiff, Stevenson, contracted in consideration of exclusive advertising
privileges to furnish without cost 4,000 programs weekly
for use in the Liberty Theatre, Philadelphia, until December 31, 1921, with a provision for automatic renewal
from year to year unless 30 days' written notice was
given. The contract was signed about June 1, 1921. In
April, 1922, the defendant refused to accept any of the
programs, declaring that he would no longer use them.
The verdict of the jury settled the fact that he had no
valid reasons for so doing. The question before us is
whether the damages sustained by the plaintiff were
properly proven in the trial.

The plaintiff was allowed to show the list of business
houses who had contracted for advertising space on the
theatre program, and was allowed after deduction for
paper, ink, delivery, etc., to show what profit he would
have made had the contract continued until the end of
the current year. All the proof offered in regard to the
contracts showed that they were to continue until forbidden, and unless so forbidden, would run to the end of
the year. The plaintiff showed what amount he would
have received each week during the continuance of the
contract, less expenses. Was this proper proof?

In Clyde Coal Company v. Pittsburgh & Lake Erie
Railroad Company, 226 Pa. 391, the principle governing

such cases is stated: "for the breach of a contract damages may be recovered for loss of profits, the direct and immediate fruits of the contract itself and ascertainable with reasonable certainty, when they are the natural result of such breach, or which, under the circumstances, the parties may have contemplated at the execution of the contract as the probable result of its breach; but damages for the loss of profits for the violation of a contract may not be recovered where they are uncertain, remote or speculative, or when they grow out of a subsequent collateral or subordinate undertaking which was entered into upon the faith of the principal contract." Our court in Stewart v. Turner, 72 Pa. Superior Ct. 235, 239, stated: "Profits which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself and must be accepted as within the contemplation of the parties at the time of the execution thereof. If it reasonably appears that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages if the evidence is sufficiently certain and definite to warrant a jury in estimating their extent: Wilson v. Wernwag, 217 Pa. 82; Hendler v. Quigley, 38 Pa. Superior Ct. 39."

There is no doubt that the defendant when he signed the contract on June 1, 1921, knew that the plaintiff had existing contracts for advertisements and that the plaintiff was to get his compensation from such advertisements. The subject was in the contemplation of the parties, and we think the loss was capable of reasonable ascertainment. That there might possibly be a slip in regard to some particulars by reason of a cancellation or the advertiser failing to pay does not prevent recovery. All the law requires is reasonable certainty, and will not by requiring absolute accuracy aid a party who seeks to repudiate his contract. "The law is not so blind to justice as not to require the defendant to re-

spond in damages if there is any reasonable basis for their ascertainment.    When, therefore, the evidence shows with reasonable certainty the profits which have been lost by the breach of a contract, they shall be considered as damages and shall be recoverable by the injured party from the one in default": Samuel v. Sota, 41 Pa. Superior Ct. 630, 637.

The defendant complains that not all the expenses incident to carrying out the contract were deducted from the estimate of the plaintiff, having particular reference to the cost of the labor which entered in the preparation of the program.    This case, however, is exceptional, as pointed out by the court, in that this was only one job of quite a number of jobs for the printing of theatrical programs that the plaintiff had.    The plaintiff showed that the cutting out of the publication in question did not diminish his labor bill, because his machines had to run, his forms had to be made up and printed, the sheet had to be printed even if a small space in the center (where the program should have appeared) was left blank. The quantity of paper, ink, overhead and such matters remained constant.    This was plaintiff's version of the matter and the jury accepted it.

All the assignments of error are overruled.    The judgment is affirmed.