# Stewart *v*. Turner, Appellant.

*Contract—Penalty—Liquidated damages—Evidence—Res adjudicata.*

Although the parties to a contract may use the word "penalty" to designate a payment to be made by one to the other in case of default, such designation is not conclusive. The question whether the payment is to be considered as a penalty, or as liquidated damages, is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and in this examination the courts will consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction.

Where a contract is for the performance or omission of various acts which are not measurable by any exact pecuniary standard, together with one or more acts in respect of which the damages on a breach of the covenant are certain or readily ascertainable by a jury, and there is a sum stipulated as damages, to be paid by each party to the other, for the breach of any one of the covenants, such sum is to be held to be a penalty merely, and not liquidated damages.

Where a manufacturer of a particular brand of cigars grants to another person the exclusive right to sell the cigars in a particular territory, the sales agent to pay a designated price for the cigars ten days after the receipt of the same, to use his best endeavors to sell the same and to sell no other ten-cent cigars than those of his principal, which were guaranteed to be satisfactory for sixty days from date of shipment, and it is further provided that on default by either party there shall be paid to the other "one thousand dollars as a penalty," the payment referred to must be considered as a penalty, and not as liquidated damages.

In such a case a decree dismissing a bill in equity filed by the sales agent against his principal to restrain the latter from selling their product to others in the territory covered by the contract, and for an accounting for such sales, is not res adjudicata of an action of assumpsit subsequently brought by the manufacturer against the sales agent to recover the sum of one thousand dollars for a failure by the agent to use his best endeavors to sell the cigars in question. The plaintiffs in such action are not estopped because they did not set up their claim for damages in the equity suit,

Argued March 7, 1917. Appeal, No. 42, March T., 1917, by defendant, from order of C. P. Luzerne Co., May T., 1916, No. 576, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William W. Stewart et al. v. C. S. Turner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit to recover for breach of a contract in writing. Before WOODWARD, J.

From the record it appeared that the action was brought to recover the sum of $1,000 alleged to be liquidated damages for failure by the defendant to use his best endeavors to sell certain brands of plaintiff's cigars under a written contract by which he was given the exclusive sales agency in a particular territory. The case turned on the question as to whether the $1,000 mentioned in the contract as a "penalty" was in fact a penalty or liquidated damages. The terms of the contract are stated in the opinion of the Superior Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. Alfred Valentine,* with him *T. B. Miller,* for appellant, cited: Keck v. Bieber, 148 Pa. 645; Shreve v. Brereton, 51 Pa. 175; Burr v. Todd, 41 Pa. 206; March v. Allabough, 103 Pa. 335.

*M. J. Mulhall,* for appellees.

OPINION BY PORTER, J., July 13, 1917:

The defendant appeals from the order of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense. The statement of the plaintiffs averred, in substance, that the plaintiffs were manufacturers of cigars in the City of Reading, that

among other brands of cigars they manufactured certain
named brands, "which brands were well known to the
trade, and had acquired a high standing, and were easily
marketed." That on December 19, 1906, they entered
into an agreement under seal with the defendant, under
the provisions of which they gave to the defendant the
exclusive sale of their products over and in the States of
Delaware and New Jersey, and a large number of coun-
ties in eastern Pennsylvania, including the City of Phila-
delphia. The contract contained the following addi-
tional covenants. "The parties of the first part, these
plaintiffs, covenants to sell to the party of the second
part certain named brands of cigars, at designated rates
for each brand, to be paid for by the party of the second
part (this defendant), ten days after receipt of the
same," subject to certain discounts and commissions.
The plaintiffs also covenanted "that all of their products
shall be satisfactory for the period of sixty days from the
date of shipment of each and all orders." The defend-
ant covenanted "To sell no ten-cent cigars other than
those manufactured by the parties of the first part" and
"to use his best endeavors for the sale of the products of
the parties of the first part." The covenant of the con-
tract especially involved in this case is the following,
viz: "If either party shall fail to perform and carry out
their or his covenants in 'this agreement contained then
they or he shall pay to the other party one thousand dol-
lars as a penalty." The learned judge of the court be-
low held that in view of the terms and subject-matter of
the contract the damages arising from the breach were
so uncertain and difficult of ascertainment that the stipu-
lation for the payment of one thousand dollars upon fail-
ure to perform must be held to be liquidated damages,
and not a penalty.

The sum to be paid by the party in default is in the
agreement called a penalty, but that is not conclusive.
"The question......is to be determined by the intention
of the parties, drawn from the words of the whole con-

tract, examined in the light of its subject-matter and its surroundings; and in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction": March v. Allabough, 103 Pa. 335. In the present case the agreement contains several distinct covenants of different degrees of importance, and yet the sum named is payable for the breach of any, even the least. The covenant of the plaintiffs that the defendant should have the exclusive sale of their products in a large territory was of such a character that damages from the breach of it would be difficult to ascertain by any known rule and if all the covenants of the contract were of the same character the amount stipulated to be paid, although called a penalty, might well be held to be liquidated damages. Their covenant to sell designated brands of cigars, of their own manufacture, at specified prices might also be held to be of the same character, for these brands of cigars are conceded by the parties to have been well known to the trade, had a high standing, and were easily marketed, and these particular brands were made only by the plaintiffs and could not be procured by the defendant from any other source. In view of the purpose of the contract, to increase the demand for these brands of cigars and give the defendant the benefit of that increase in the territory where he had the exclusive right to sell, it might be that the contracting parties recognized the difficulty of ascertaining the damages arising from a breach of this covenant and stipulated for liquidated damages. The covenant of the plaintiffs "that all of their products shall be satisfactory for the period of sixty days after the date of shipment of each and all orders," is merely incidental to the general purpose of the contract, and damages for a breach of it would be readily ascertainable by a jury. In case any shipment

of goods proved to be unsatisfactory, within the period designated, Turner would have had a right to return the goods and recover the amount which he had paid, or if circumstances were such that he could not return them he could recover damages for the defects in the goods according to well recognized legal principles. It, therefore, seems clear that as to this covenant, the stipulation for the payment of one thousand dollars, in case of a breach, must be regarded as a penalty. The covenant of the defendant that he would use his best endeavor in the sale of the products of the party of the first part, is such that it would sustain a stipulation for liquidated damages, and it is possible that his covenant not to sell any ten-cent cigars other than those manufactured by the plaintiffs ought, in the circumstances of this case, to be given the same effect, although a doubt as to the covenant last mentioned might arise out of the language of the opinion by Mr. Justice DEAN in Wilkinson v. Colley, 164 Pa. 42. It would hardly be in accordance with equitable principles to hold that Turner should be required to pay one thousand dollars to the plaintiffs if he sold a single box of ten-cent cigars. The covenant of the defendant that the several brands of cigars should be paid for at the prices specified, respectively, "ten days after receipt of the same," is of such a character that there would be no difficulty whatever in ascertaining the amount of damages arising from any breach. It thus appears that there are in this contract two covenants, one upon the part of the plaintiffs and the other upon the part of the defendant, upon a breach of either of which there would be no difficulty in ascertaining the amount of the damages. Where the contract is for the performance or omission of various acts, which are not measurable by any exact pecuniary standard, together with one or more acts, in respect of which, the damages on a breach of the covenant are certain or readily ascertainable by a jury, and there is a sum stipulated as damages, to be paid by each party to the other, for the breach

of any one of the covenants, such sum is to be held to be a penalty merely, and not liquidated damages: Shreve v. Brereton, 51 Pa. 175; March v. Allabough, supra; Keck v. Bieber, 148 Pa. 645. We cannot, in view of these authorities, hold the stipulation in this contract for the payment of one thousand dollars in case of a breach to be liquidated damages; it is what the parties call it, a penalty.

The contention of the appellant that the failure of the plaintiffs to present their claim for damages in the equity proceeding brought by the present defendant against the plaintiffs, in the Court of Common Pleas No. 1, of Philadelphia County, estops them to now assert this claim, and that the decree in that case, dismissing the bill, without more, is res adjudicata of this controversy, is without merit. That bill in equity was filed by this defendant, he sought to have the present plaintiffs restrained from selling the product of their own factories within the territory embraced by the contract with which we are now dealing. The relief which he prayed for was an injunction restraining the plaintiffs from selling in that territory, and that they be required to account for the sales of cigars made by plaintiffs within that territory and that the court state an account of the damage sustained by this appellant by reason of the sales so made. This was not a bill seeking a general accounting between the parties, the primary purpose of the bill was to restrain the plaintiffs from selling within the territory and, as an incident to the principal purpose of the bill to recover damages resulting from the sales so alleged to have been improperly made. The answer of the plaintiffs did not pray for affirmative relief and the court did not pass upon the question whether they were entitled to have such relief. The facts as found by the court in that case must be regarded as res adjudicata. Those facts conclusively determine that these plaintiffs had not violated this contract; and that they had only notified this defendant that they, the plaintiffs, would no longer

stand bound by the contract and would hold him for damages, after the defendant had attempted to substitute, for the goods of the plaintiffs, other cigars made in a factory which he himself had opened. We are of opinion that the plaintiffs were not required, under the provisions of the bill which this appellant had filed, to treat it as a bill for a general accounting between the parties and present their claim for affirmative relief. The decree in that case did definitely determine that this defendant had violated the provisions of his contract and that the plaintiffs had not done so. The appellant, the defendant, did not in his affidavit of defense, pretend to deny that he had violated the provisions of the contract, the only grounds of his defense are those which we have above discussed. The plaintiffs are entitled to recover such damages as the evidence which they produce may lawfully warrant.

The judgment is reversed with a procedendo.