398 A.2d 1051

**Thomas F. DONATUCCI, t/a Donatucci Kitchens and Appliance Co.**

v.

**Emery UTTERBACK and Adean Utterback, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided Feb. 27, 1979.

50

Lionel B. Gumnit, Philadelphia, for appellants.

Charles M. Golden, Philadelphia, submitted a brief for appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Defendants have appealed from an order denying their petition to strike or open a default judgment entered against them in an action of assumpsit based on a contract they had entered into with plaintiff to construct a building for them.

## PETITION TO STRIKE

The only reason alleged in the petition to strike is that of lis pendens, i. e. that at the time the assumpsit action was filed there was pending in the same court a mechanics lien claim between the same parties based on the same contract.[1] The lower court acted properly in denying this petition. We recognized in *Hoffman Lumber Co. v. Mitchell*, 170 Pa.Super. 326, 85 A.2d 664 (1952) that a mechanics lien proceeding and an action in assumpsit are concurrent and cumulative remedies although for the same material. See also *Costanzo v. Chianese*, 177 Pa.Super. 414, 110 A.2d 802 (1955).

## PETITION TO OPEN

Recognizing that the sheriff's return of service of the complaint was regular on its face, the defendants, nevertheless, allege they had no notice of the action until they were advised by their attorney that judgment had been entered against them. They also allege that the plaintiff should have known the suit would be contested since the mechanics lien was being vigorously contested. Furthermore, they allege they have a full and complete defense to the action and a possible counter claim which they set forth in a proposed answer and counter claim attached to their petition.

1. This mechanics lien claim was subsequently stricken by order of court.

The petition to open would appear to have been timely filed[2] and the proposed answer would indicate a defense to the claim, i. e. breach of the contract on the part of the plaintiff. However, the lower court did not consider the merits of the proposed defense and dismissed the petition solely because the defendants had not met the requirement of proving a valid reason for not filing an answer to the complaint within the time allowed by the rules for doing so. The reason alleged by the defendants for not doing so was that they were not at their residence when the complaint was served and did not know the identity of the adult male who had accepted it, and that no one was in charge of the residence at the time of service. The sheriff's return showed it had been served on an adult male who had refused to give his name or relationship to the defendants.

We have held that although service of process may be good, nevertheless, a person may assert lack of knowledge of the suit for reasons other than improper service in seeking to have a default judgment opened. *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975) cited in *Maurice Goldstein Co. v. Margolin*, 248 Pa.Super. 162, 374 A.2d 1369 (1977). For this reason the lower court was in error in deciding this issue solely on the basis that good service was admitted by defendants.

Therefore we conclude that appellants are entitled to an opportunity to offer evidence of lack of knowledge of the suit in order to establish the reason for their failure to file an answer to the complaint within the period of time allowed for that purpose.

Since the lower court decided this issue without the benefit of depositions or oral argument as provided for by Pa.R.C.P. 209, that part of the order refusing the petition to open this judgment is reversed and the case remanded for further proceedings.

That part of the order denying the petition to strike the judgment is affirmed since no issues of fact were involved.

2. The judgment was entered August 16, 1977. The petitions were filed August 25, 1977. The complaint had been served July 19, 1977.