546 A.2d 114

**PENOX TECHNOLOGIES, INC., Appellant,**

v.

**FOSTER MEDICAL CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued April 5, 1988.

Filed Aug. 16, 1988.

452

Richard A. Russo, Wilkes–Barre, for appellant.

Michael J. Glasheen, Philadelphia, for appellee.

Before WIEAND, McEWEN and BECK, JJ.

WIEAND, Judge:

This is another in a growing number of appeals from orders by which trial courts have attempted to transfer pending cases to other forums. On May 27, 1987, Penox Technologies, Inc. (Penox) commenced an action against Foster Medical Corporation (Foster) in Luzerne County to recover $94,120.60 in unearned cash discounts which Foster had allegedly taken improperly on goods sold by Penox to Foster. Foster filed preliminary objections requesting a dismissal of the Penox action or, in the alternative, a transfer of the action to Montgomery County where, on May 26, 1987, Foster had filed a praecipe for writ of summons in an action against Penox. A complaint subsequently filed in that action requested a declaratory judgment that Penox was not entitled to recover the discounts which it was seeking to recover in the action in Luzerne County. The trial court in Luzerne County sustained Foster's preliminary objections, dismissed the action in Luzerne County, and transferred it to Montgomery County for con-

solidation with the action there pending.[1] Penox appealed. We reverse.

In order to plead successfully the defense of lis pendens, i.e., the pendency of a prior action, it must be shown that the prior case is the same, the parties are the same, and the relief requested is the same. *Dickerson v. Dickersons Overseas Co.*, 369 Pa. 244, 251, 85 A.2d 102, 105 (1952); *Hessenbruch v. Markle*, 194 Pa. 581, 593, 45 A. 669, 671 (1900); *Glazer v. Cambridge Industries, Inc.*, 281 Pa.Super. 621, 624, 422 A.2d 642, 644 (1980); *Taylor v. Humble Oil and Refining Co.*, 225 Pa.Super. 177, 180, 311 A.2d 324, 325 (1973). The purpose of the lis pendens defense is to protect a defendant from harassment by having to defend several suits on the same cause of action at the same time. See: *Feather v. Hustead*, 254 Pa. 357, 362, 98 A. 971, 973 (1916). Once the defense is raised under Pa.R.C.P. 1017(b)(5), a court may dismiss or stay the subsequent proceedings. 5 Std.Pa.Prac.2d § 25:81.

Lis pendens has no application where the relief requested in the separate actions is different. Thus, it is inapplicable where the prior action is in assumpsit to recover damages and the later action is in equity to rescind the same contract. *Kramer v. Kramer*, 260 Pa.Super. 332, 394 A.2d 577 (1978). See also: *Raw v. Lehnert*, 238 Pa.Super. 324, 357 A.2d 574 (1976) (assumpsit action not abatable by reason of pending equity action even though both actions may have arisen from same subject matter). In keeping with these decisions, we hold that lis pendens is not available as a defense to dismiss or stay an action for breach of contract, where the prior proceeding is an action for declaratory judgment to determine whether the later action for breach of contract can be maintained.

Foster must have been aware that the relations between itself and Penox had deteriorated and that an action

---

**1.** The action in Montgomery County also contained a count in which Foster sought to recover the sum of $43,000.00 which, it was alleged, consisted of discounts which Foster had earned, but had not taken on goods sold to it by Penox.

was about to be brought against it in Luzerne County. In anticipation of the Penox action in Luzerne County, Foster sought to avail itself of the procedure set forth in the Declaratory Judgments Act to have its obligations and liabilities determined in Montgomery County before being required to defend the action in Luzerne County. It is readily apparent, therefore, that Foster's request for declaratory relief was in reality an attempt to pick its forum and determine in advance whether it had a defense to the anticipated action by Penox to recover discounts which had been taken—wrongfully, it was alleged—for goods which Foster had purchased from Penox. A similar attempt to establish in advance the validity of an affirmative defense to defeat an action before the Board of Claims was condemned by the Supreme Court in *Commonwealth, Dep't of Gen. Services v. Frank Briscoe Co.*, 502 Pa. 449, 466 A.2d 1336 (1983). Declaratory relief, the court held, is not available when an action therefor is filed in anticipation of another proceeding. *Id.*, 502 Pa. at 459, 466 A.2d at 1341. See also: *Ven–Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194 (11th Cir.1982); *Donadio v. Cunningham*, 58 N.J. 309, 277 A.2d 375 (1971).

▪ The complaint in the instant case was served upon Foster at its place of business in Hazleton, Luzerne County. Venue, therefore, was proper. See: Pa.R.C.P. 2179(a). Indeed, Foster does not contend otherwise. Moreover, Foster did not petition the court pursuant to Pa.R.C.P. 1006(d)(1) to transfer the action to Montgomery County for the convenience of the parties and witnesses. In the absence of such a petition, the court in Luzerne County could not transfer the case to another forum where, for reasons perceived by the transferring court, the case could more conveniently be decided. *Horn v. Erie Insurance Exchange*, 373 Pa.Super. 186, 540 A.2d 584 (1988). As long as venue was properly laid, the plaintiff was entitled to select its own forum, and its choice could not lightly be set aside. *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 82, 461 A.2d 805, 806 (1983). See also: *Horn v. Erie Insurance Exchange*,

*supra*, 373 Pa.Superior Ct. at 189, 540 A.2d at 586; *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985).

We conclude, therefore, that on the record in this case, Foster was not entitled to have the Penox action dismissed or stayed in Luzerne County because of the pendency of a declaratory judgment proceeding in Montgomery County. Moreover, because venue was proper in Luzerne County and there was no basis on which to transfer venue for the convenience of the parties and witnesses, the trial court could not properly transfer venue to Montgomery County. When it did so, it abused its discretion.

The order dismissing the action in Luzerne County and transferring it to Montgomery County is reversed; and the case is remanded to Luzerne County for further proceedings.[2] Jurisdiction is not retained.

2. Because of the decision which we have reached, we do not consider issues raised by appellant which pertain to the form of appellee's preliminary objections.