566 A.2d 870

DAVIS COOKIE COMPANY, INC., Appellant,

v.

Thomas WASLEY, Appellee.

Thomas WASLEY, Appellee,

v.

DAVIS COOKIE COMPANY, INC., Appellant.

Superior Court of Pennsylvania.

Argued April 17, 1989.

Filed Nov. 21, 1989.

Avrum Levicoff, Pittsburgh, for appellant.

Blythe H. Evans, Jr., Wilkes–Barre, for appellee.

Before CIRILLO, President Judge, and KELLY and HESTER, JJ.

KELLY, Judge:

In these consolidated appeals we address two significant procedural issues regarding permissive counterclaims under Pa.R.C.P. 1031.

First, we are called upon to determine whether the Luzerne County trial court abused its discretion in failing to grant allowance to amend an answer with new matter to assert a permissive counterclaim under Pa.R.C.P. 1033. We quash this appeal as having been taken improvidently from an interlocutory and unappealable order.

Second, we are called upon to determine whether the Clarion County trial court erred granting dismissal on the

basis of the pendency of a prior action in another county in which the cause of action alleged as the basis of the complaint could have been, but was not, asserted as a permissive counterclaim. We vacate the order dismissing the complaint and remand with instructions.

## Facts and Procedural History

Since the early 1950's, appellant, Davis Cookie Co. (Davis Cookie), has had a license from Archway Cookies, Inc. to bake and sell "Archway" cookies in Pennsylvania. In 1987, Davis Cookie and appellee Thomas Wasley (Wasley) negotiated a franchise agreement memorialized by a written letter of intent. Wasley made deposits toward the franchise fee agreed in the amount of $5,247.60. Later, however, he decided not to follow through with the franchise agreement. The dispute between the parties arises from Wasley's withdrawal.

Wasley desires return of his deposit. Davis Cookie contends that under the terms of the agreement the deposit was not refundable, and that Wasley is also liable for liquidated damages under the terms of the agreement in the amount of an additional $5,247.60. Substantively, we are presented with a relatively straightforward and uncomplicated contract case. It was not destined to remain so.

On March 7, 1988, Wasley filed an action against Davis Cookie in Luzerne County seeking return of its deposit. In its answer and new matter, pursuant to Pa.R.C.P. 1030, Davis Cookie responded to Wasley's complaint by asserting that under the clear terms of the letter of intent signed by the parties the deposit was not refundable. Davis Cookie declined to present a counterclaim under Pa.R.C.P. 1031, for liquidated damages in Wasley's Luzerne County action.

On March 30, 1988, Davis Cookie filed an action against Wasley in Clarion County seeking liquidated damages for Wasley's alleged breach of the franchise agreement. Was-

ley asserted the ancient defense of *lis alibi pendens*[1] by preliminary objections. The trial court sustained the objections and dismissed the suit on July 12, 1988. Davis Cookie filed timely notice of appeal.

Despite its expressed preference for pursuing its breach of contract action in Clarion County, and the prospect of eventual success on appeal from the order dismissing its Clarion County action, Davis Cookie proceeded to move to amend its answer and new matter in the Luzerne County action, pursuant to Pa.R.C.P. 1033, to assert its claim for liquidated damages as a permissive counterclaim in Wasley's action for return of its deposit. Wasley opposed the motion. The trial court denied the motion, opining that Davis Cookie had created its own procedural difficulties and that the trial court was disinclined to exercise its discretion to extricate Davis Cookie from a mess of its own making. Davis Cookie again filed timely notice of appeal.

Davis Cookie's separate appeals were consolidated for argument before this Court. On appeal, Davis Cookie contends that because it was privileged under Pa.R.C.P. 1031 to decline to present its permissive counterclaim for liquidated damages in Wasley's Luzerne County action, the trial court erred in dismissing its Clarion County action on the basis of Wasley's asserted *lis alibi pendens* defense. Davis Cookie also contends that the trial court in Luzerne County abused its discretion in denying its motion to amend

---

1. Although the plea in abatement alleging pendency of a prior action as a bar to suit is often referred to as simply *lis pendens* (a pending suit), the phrases *lis alibi pendens* (a suit pending elsewhere) and *auter action pendant* (another action pending) are more historically appropriate. *Lis pendens* in ancient usage referred specifically to the power which a court had over property in dispute during the pendency of a suit and the inability of parties to affect title to such property during the pendency of an action. *See Dorsch v. Jenkins,* 243 Pa.Super. 300, 365 A.2d 861 (1976). *Lis alibi pendens* and *auter action pendant,* on the other hand, referred specifically to the plea in abatement based upon the pendency of a prior action in another forum. *See Black's Law Dictionary,* at 840 (5th Ed.1979); 1 *Bouvier's Law Dictionary,* at 291–92 (Rawle rev. 1914) (expanded definition with case citations for *auter action pendant* ); 2 *Bouvier's Law Dictionary,* at 2032–34 (Rawle rev. 1914) (same, for *lis pendens* and *lis alibi pendens* ). We shall refer to the plea as one of *lis alibi pendens* throughout, in accordance with the historical distinction noted.

its answer to assert a counterclaim under Pa.R.C.P. 1033. We reverse the dismissal, and quash the appeal of the order denying allowance to amend.

I. *Appeal from Denial of Allowance to Amend*

In *Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488 (1987) and *Barr v. General Accident Group Ins.*, 360 Pa.Super. 334, 520 A.2d 485 (1987), this Court held that order denying *complainant's* allowance to amend pursuant to Pa.R.C.P. 1033 to add a new cause of action *arising from the same transaction or occurrence,* effectively put the complainant out of court on the claims, and were therefore final and appealable. The instant case, though also involving an appeal from an order denying allowance to amend under Pa.R.C.P. 1033, is nonetheless materially distinguishable.

In *Gabriel* and *Barr* the effect of the order denying allowance to amend under Pa.R.C.P. 1033 was to preclude the complainant from complying with the *compulsory* joinder rule of Pa.R.C.P. 1020(d)(1 & 4) which provides that:

(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

\* \* \* \* \* \*

(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action.

The effect of a failure to comply with Pa.R.C.P. 1020(d)(1) is a waiver of any cause of action not so joined. Hence, the denial of a motion to amend under Pa.R.C.P. 1033 to assert a claim covered by the compulsory joinder rule has the effect of a disposition of such a claim by dismissal on the merits.

In the instant case, it is the *defendant* who appeals from an order denying allowance to amend the answer and new matter to assert a *permissive* counterclaim. While the

denial of allowance to amend will result in a certain degree of duplication of efforts and consequent cost both to the parties and to the court system, Davis Cookie is not "out of court" on its claim. This Court recently explained in *Bender's Floor Covering Co. v. Gardner*, 387 Pa.Super. 531, 564 A.2d 518 (1989):

> In this case, the trial court's denial of appellants' petition to amend and to present a new counterclaim did not serve to put appellants "out of court" as to that claim, nor is the claim in danger of being irreparably lost as a result of the order. Succinctly, appellants may, without impediment, file that same claim in front of the same or a different court (providing such a court has proper venue and subject matter jurisdiction) within the limitations period, without jeopardizing their rights. Thus, appellants are not out of court on the merits of their counterclaim by reason of the trial court's interlocutory order.
>
> In comparison, had appellants appealed a pre-trial order denying leave to amend an answer so as to assert an affirmative defense, it would be deemed a final order for purposes of appeal. Unlike counterclaims, affirmative defenses are *compulsory*, and therefore must be timely pleaded, or they are forever lost. *Zarnecki v. Shepegi, supra*, [367 Pa.Super. 230] 532 A.2d [873] at 875 [ (1987) ], *citing Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966); *see also* Pa.R.C.P. 1030, 1032. The *permissive* nature of counterclaims in Pennsylvania is the controlling distinction in this case.

387 Pa.Superior Ct. at 535–536, 564 A.2d at 520–21. (Emphasis in original).

Rule 1033 motions for leave to amend in order to present *permissive* counterclaims are thus materially distinguishable from Rule 1033 motions for leave to amend in order to comply with the *compulsory* joinder rule or the rule requiring affirmative defenses to be plead in new matter. As in *Bender's Floor Covering Co. v. Gardner, supra*, we are constrained to quash the appeal from the trial court's interlocutory order denying leave to amend.

## II.  *Dismissal Based on Lis Alibi Pendens Grounds*

The Clarion County trial court found that Davis Cookie's claim for breach of contract seeking liquidated damages involved the same parties, same causes of action, same rights, and same requested relief as were involved in the prior suit pending in Luzerne County, and granted Wasley's preliminary objection seeking dismissal on *lis alibi pendens* grounds.  On appeal, Davis Cookie contends that because counterclaims are permissive rather than compulsory, he was privileged to bring his claim for breach of contract seeking liquidated damages in a separate action in any proper forum of his choosing, and was not required to plead it as a counterclaim in Wasley's Luzerne County suit seeking return of his deposit made under the same contract. Despite the apparent waste of judicial resources and unnecessary expense to the parties, we are constrained to agree with Davis Cookie, and reverse the dismissal.

A preliminary objection alleging the pendency of a prior action is a plea in abatement which derives from the ancient maxim, *"nemo debet bis vexari pro una et eadem cause,"* (no man shall be twice vexed for the same cause of action). *See generally Broom's Maxims,* at 135–39 (1845).  In *Cleveland, Painsville, and Ashtabula R.R. Co. v. Erie,* 27 Pa. 380 (1856), Justice Black explained:

> No man shall be twice harassed for the same cause. After judgment or decree by a tribunal of competent jurisdiction, another complaint, grounded on the same facts, will not be listened to, either by the same tribunal or a different one.  This nobody denies.  It is equally clear that a party cannot be doubly vexed by two proceedings for the same cause carried on against him at the same time.  Two suits for the same cause of action, even when brought in the same court, will never be tolerated. It is much worse when the several suits are in different courts, requiring the defendant to appear in two places at once.  When it happens, as in this case, that the party must defend himself against separate attacks, simultaneously made at two most distant points in the state—on

the shore of Lake Erie and on the banks of the Delaware—the hardship may become intolerable. This is not all. If a party may carry on two suits against his adversary, he may carry on twenty just as well, provided he can find, as in some cases he might find, that a number of courts having jurisdiction, and thus he could not only harass and vex him, but plague him to death.... It is impossible to administer justice, and it never has been done in any civilized country, without adopting the rule that a party who brings one suit in a court of competent jurisdiction, must finish it before he can be allowed to prosecute another.

For these and other reasons, it has always been held that, at law, one pending action may be pleaded in abatement of another.

27 Pa. at 382–83; *see also Spier v. Locust Laundry, Inc.,* 56 Pa.Super. 328, 328–30 (1914).[2]

The strict formality of the common law pleading system, however, rendered the plea of *lis alibi pendens* one of limited application. The plea was not deemed meritorious unless both suits involved the same parties (acting in the same legal capacity), the same causes of action (with due regard for the common law distinctions between contract, trespass, and equity actions), the same rights asserted, and the same relief requested. *See Cunningham v. Horne,* 406 Pa. 1, 176 A.2d 648 (1961); *Dickerson v. Dickersons Overseas Co.,* 369 Pa. 244, 85 A.2d 102 (1952); *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900); *Norristown Automobile Co. v. Hand,* 386 Pa.Super. 269, 562 A.2d 902 (1989); *Virginia Mansions Condo. v. Lampl,* 380 Pa.Super. 452, 552 A.2d 275 (1988); *Singer v. Dong Sup Cha,* 379 Pa.Super. 556, 550 A.2d 791 (1988); *Penox Technologies v. Foster Medical,* 376 Pa.Super. 450, 546 A.2d 114 (1988); *Procacina v. Susen,* 301 Pa.Super. 392, 447 A.2d 1023

**2.** It should be noted, however, that these cases address only the situation where a party initiates the separate suits as plaintiff in both identical cases, and not a situation like that here, where the defendant in the first suit is the plaintiff in the second. As it will be seen, *infra,* this difference is material.

(1982); *Glazer v. Cambridge Industries,* 281 Pa.Super. 621, 422 A.2d 642 (1980); *Donatucci v. Utterback,* 264 Pa.Super. 49, 398 A.2d 1051 (1979); *Raw v. Lehnert,* 238 Pa.Super. 324, 357 A.2d 574 (1976); *Taylor v. Humble Oil & Refining,* 225 Pa.Super. 177, 311 A.2d 324 (1973); *Stewart v. Turner,* 67 Pa.Super. 255 (1917).

■ Under Pennsylvania law, the merit of a plea in abatement on *lis alibi pendens* grounds "is purely a question of law determinable from an inspection of the pleadings." *Hessenbruch v. Markle, supra,* 45 A. at 671; *Procacina v. Susen, supra,* 447 A.2d at 1025. The test for determining the validity of a *lis alibi pendens* plea in Pennsylvania state courts is not the same as would apply if the second suit had been brought in federal court. Under federal law, the second court may consider comity principles, judicial economy interests, the adequacy of relief available in the alternate forum, the identity of the parties and issues, the likelihood of prompt disposition, the convenience of parties and counsel, and the potential for prejudice to either party, in deciding whether to abate a federal action based upon the pendency of a prior state action. *See CBS, Inc. v. Tee Vee Records,* 96 F.R.D. 163, 165–66 (S.D.N.Y. 1982); *see generally* Annotation, *Federal Stay—State Action Pending,* 5 ALR FED 10, 10–146 (1970 & 1988 supp.) (especially § 3). The differences between the Pennsylvania and federal rules are significant. While federal courts are free to consider the motivations of the parties and the interests of judicial economy, Pennsylvania courts are not. In Pennsylvania, the record is reviewed to determine if the required common law unities are present. If they are present, the plea is to be sustained; if they are not, the plea may not be sustained. It is a question of law, rather than a question of the court's discretion. *See Hessenbruch v. Markle, supra; Procacina v. Susen, supra.*

■ Here, the required unities are not present. While the parties are the same and the suits arise from the same contract, neither the cause of action, rights asserted, nor relief requested are the same. In Luzerne County suit,

Wasley seeks return of his deposit by a cause of action which essentially sounds in the nature of an equity action for recession or reformation of the contract (recission and return of consideration, or reformation by striking the clause designating the deposit as non-refundable). The Clarion County suit, on the other hand, involves a suit in contract for breach and seeks liquidated damages. It is well-settled that a *lis alibi pendens* plea may not be sustained in such circumstances. *See Penox Technologies v. Foster Medical, supra,* 546 A.2d at 115; *Raw v. Lehnert, supra,* 357 A.2d at 576; *Stewart v. Turner, supra,* 67 Pa.Super. at 260; *Raessler v. Temperance Mut. Ben. Assn.,* 3 Pa.Co.Ct. 393, 395 (1882). *Raessler,* though a common pleas decision, is particularly relevant here. In *Raessler,* Judge Schulyer explained:

> As has been seen, *the present suit is brought to enforce the policy* of insurance on which it is founded. The certified record shows that *the bill in equity was brought to cancel this policy,* on the ground that it was procured by fraud. It is clear, therefore, that the subject-matter of these two suits is not the "very same" as it is claimed to be in the plea, and as it should be, to make the plea effectual.
>
> True, the present plaintiff might obtain the same relief in the equity suit that he is claiming here, but not under the bill filed by the defendant. *Such relief could only be obtained by filing a cross-bill: 2 Dan. Ch. 1550, 4th Am. ed. This the defendant cannot be compelled to do, and he has not seen fit to do it voluntarily.*

3 Pa.Co.Ct. at 95. (Emphasis added). But for the type of contract involved, *Raessler* is virtually indistinguishable from the instant case. In both cases the defendant in a prior action to rescind a contract elected to preserve a *permissive* counterclaim for breach of the same contract for a separate suit. Here, as there, the *lis alibi pendens* claim must fail.

As *Raessler* aptly demonstrates, any application of the common law doctrine of *lis alibi pendens* to the facts of the instant case is precluded by Pa.R.C.P. 1031, which privi-

leged Davis Cookie to withhold its *permissive* counterclaim from the prior suit, and to pursue it by separate action in any proper forum of its choice. In this respect, the permissive counterclaim rule must prevail over the common law *lis alibi pendens* doctrine. Indeed, even at common law the *lis alibi pendens* doctrine was so restricted.

In *McCredy v. Fey*, 7 Watts 496 (Pa.1838) Justice Kennedy stated, "the defendant, having a demand against the plaintiff, is not compelled by the act to set if off; he may do so, or he may bring an action against the plaintiff for it, as he pleases; ...." 7 Watts at 500. The following year, Justice Sergeant explained:

> Setoffs, however, between opposite claimants, are permissive, not compulsory.... It never was supposed that if one man sue another, the defendant is obliged to set off the debt due to him from the plaintiff, and if he did not choose to do it, his demand could be considered in any sense impaired, or his right to recover it—affected.... The only exception to this rule is where the defendant has been required to set off his claim by legislative enactment; .... But these special legislative provisions prove the rule of the common law to be different.

*Himes v. Barnitz*, 8 Watts 39, 43 (Pa.1839). Similarly, in 1939, an ALR commentor observed:

> The only logical ground upon which the view might be taken that an action to cancel a contract abates an action to enforce it, or *vice versa*, would seem to be that the relief sought in the subsequent action should have been prayed for by way of counterclaim in the first, but since, as is indicated in 1 Am.Jur. Abatement and Revival, p. 41, § 37, *according to the great weight of authority, the fact that a defendant might have sought relief by a way of counterclaim is no ground for holding that the pendency of an action against him abates a subsequent action in which the same relief is sought by him affirmatively, it would seem that there is little or no reason to hold an action to cancel a contract to be abated by a prior action by the other party to enforce it, or vice versa.*

Annotation, *Pendency of Suit for Cancellation, Reformation, or Recession of a Contract as Abating Subsequent Action to Enforce It or to Recover Damages for its Breach, and Vice Versa*, 118 ALR 1240 (1939). (Emphasis added).

Indeed, our Supreme Court has gone *even further* in this regard. In *Pennsylvania R.R. Co. v. Davenport*, 154 Pa. 111, 25 A. 890 (1893), our Supreme Court held that a direct suit could not be separately maintained on a cause of action where the plaintiff in the second suit had previously pled the same cause of action as a defendant in a prior pending proceeding between the same parties by a permissive counterclaim. Two decades later, however, in *National Metal Edge Box Co. v. American Metal Edge Box, Co.*, 246 Pa. 78, 92 A. 42 (1914), our Supreme Court expressly disavowed the prior decision, stating:

We agree with the contention of counsel for appellant, that the claim of "set-off" made in the suit in the Federal Court, cannot in any proper sense be regarded as a bar to the maintenance by the plaintiff of its claim in the present action; the numerous authorities which they cite in support in their argument fully sustain their position. *See Filbert v. Hawk*, 8 Watts 443; *Stroh v. Uhrich*, 1 W. & S. 57; *Russell v. Miller*, 54 Pa. 154; *Gilmore v. Reed*, 76 Pa. 462; *Somerset Colliery Co. v. John*, 219 Pa. 380 [68 A. 843] [ (1908) ]; *Cochran v. Cutter*, 18 Pa.Superior Ct. 282; *Snyder v. Lingo*, 30 Pa.Superior Ct. 651. Counsel for appellee cite the case of *Penna. R.R. Co. v. Davenport*, 154 Pa. 111 [25 A. 890] [ (1893) ], as authority for the contrary view. That decision is not to be extended in any way beyond its own specific facts. It cannot be held to overrule the sound principle, supported by abundant authority, that *the mere pendency of a suit upon a claim, will not prevent the same claim from being used as a set-off in another action, or vice versa, that the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court, in a direct action upon the same claim.*

92 A. at 44. (Emphasis added). This rule was followed in subsequent cases and *apparently* remains the law today. *See Ott v. DuPlan Silk Corp.*, 271 Pa. 322, 329, 114 A. 630, 632 (1921); *McCowin v. Montgomery*, 44 D & C 2d 787, 790–91 (1968); *Kaye v. Penn Alum. Constr. Co.*, 2 D & C 2d 205, 207–08 (1954); *see also* 2 *Standard Pennsylvania Practice 2d* § 12.15 at 352–54 (1981 & 1988 supp.) We note that we have no occasion here to determine the continued vitality of this rule or the possible relevance of distinctions between set-offs and counterclaims in this context, as Davis Cookie did not raise the claim asserted in the Clarion County suit as a permissive counterclaim in the Luzerne County suit.

■ That counterclaims remain entirely *permissive* in Pennsylvania is quite clear. Recently, this Court explained:

Under Pennsylvania law, counterclaims are *permissive* and may be set forth in a party's answer, or may be reserved and set forth as an independent action, at the time, and in the forum, of the defendant's choosing. *See* Pa.R.C.P. 1031. In this way, Pennsylvania law prevents parties from manipulating the timing and forum selection of potential suits, by pleading minor claims in a chosen forum to force a greater "counterclaim" at a time and in a forum not of the defendant's choosing. *See Jackson v. Richards 5 & 10*, 289 Pa.Super. 445, 433 A.2d 888 (1981); *Sobol v. Will Allen Builders Inc.*, 244 Pa.Super. 486, 368 A.2d 825 (1976).

*Bender's Floor Covering v. Gardner, supra*, 387 Pa.Superior Ct. at 535–536, 564 A.2d at 520.

Concededly, the permissive counterclaim rule permits, and perhaps even encourages, wasteful overlap and duplication of court proceedings. The federal courts have long since abandoned the purely permissive counterclaim rule and have adopted a mixed permissive and compulsory counterclaim rule along with discovery, transfer, and removal rules which, by all appearances, adequately protect the legitimate litigation timing and forum selection interests which our purely permissive joinder rule is intended to protect, but *without* the burden of the duplicious proceed-

ings which inevitably result from our permissive counterclaim rule. *See generally,* Freer, *Avoiding Duplicate Litigation,* 50 U.Pitt.L.Rev. 809, 809–51 (1989) (discussing the litigation duplication avoidance effects of the current federal rules, and proposing further measures). Nonetheless, our Supreme Court has not as yet seen fit to alter the rule of purely *permissive* joinder for counterclaims. Consequently, the dismissal of the Clarion County complaint on the grounds that the cause of action asserted could have been, but was not, raised as a permissive counterclaim in the prior Luzerne County suit cannot be sustained. To do so, would require us to ignore the permissive counterclaim rule we are bound to enforce. Hence, the dismissal order must be reversed.[3]

### III. *Limitations of this Opinion*

Given the complicated procedural history of this case, it seems appropriate to clearly delineate the compulsive force

---

**3.** Arguably, analysis of the "same cause of action" unity is complicated by Pa.R.C.P. 1001. In 1983, our Supreme Court promulgated the current version of Rule 1001 and thereby abolished the *procedural* distinctions between assumpsit and tresspass (and to a lesser extent other types of actions) which existed under the highly technical common law pleading system. The new rule provided that any action formerly denominated as an assumpsit or trespass action should be denominated simply as a "civil action," and that all other forms of action should be denominated as "civil action—[type of action]." While these changes harmonized *procedures* and further blurred and eroded the intricate and arcane distinctions of the common law, it is clear that the rule in no way altered the *substantive differences* or *individuality* of *separate* causes of action arising in what was formerly known as assumpsit, trespass, and equity.

While separate causes of action for breach of contract and physical assault both now may be denominated as "civil actions," may be plead together in one complaint, and may be subject to the same procedural rules, the separate causes of action have not thereby become one cause of action. The substantive rules of contract and tort were not merged by the promulgation of Pa.R.C.P. 1001. If one were fired improperly and assaulted by one's employer at the same time, two *separate* civil actions, with separate rights asserted and separate relief requested would nevertheless exist and not one hybrid civil action. Hence, the mere fact that *different* causes of action would be designated by the same *term* (*i.e.* civil action), would have to be brought in a single suit (Pa.R.C.P. 1020(d)(1 & 4) and would be regulated by the same *procedures* does not in any way effect the continued validity of common law distinctions between *types* of "causes of action" in determining a plea in abatement on *lis alibi pendens* grounds.

of our decision with regard to future proceedings in the trial courts. Particularly significant are the things *we have not decided* and the things which *we do not preclude.*

First, nothing in this opinion should be read to preclude the Luzerne County trial court from reconsidering its interlocutory order denying Davis Cookies' allowance to amend its answer and new matter under Pa.R.C.P. 1033 to assert its permissive counterclaim. Likewise, nothing here precludes Wasley from entering filed consent to such an amendment. *See* Pa.R.C.P. 1033. Under Pa.R.C.P. 1033, *either* allowance of the court *or* consent filed by the opposing party is sufficient to permit such an amendment of the pleadings at any time during the pendency of the suit.

Second, by reversing the order dismissing the Clarion County action brought by Davis Cookie, we do not restrict the discretion of the trial court to hold the Clarion County action in abeyance pending disposition of the Luzerne County action. *See Norristown Automobile Co. v. Hand, supra; Singer v. Dong Sup Cha, supra; Ramco Corp. v. Colt Industries,* 73 D & C.2d 647 (Pa.Cm.P.1975). Likewise, if an amendment to assert the counterclaim is permitted in the Luzerne County action, and assuming *arguendo* that *National Metal Edge Box, supra,* remains good law and applies in this context, the Clarion County trial court would still have discretionary authority to hold its action in abeyance pending resolution of the Luzerne County action. *Id.*

If neither action is held in abeyance, the first to reach final judgment may be pled in bar of the other (as may be appropriate based on the disposition), by the modern procedural successor to the common law plea of *puis darrein* continuance, *i.e.* by a motion raising additional new matter under Pa.R.C.P. 1033. The common law plea of *puis darrien* continuance was essentially a plea of collateral estoppel or *res judicata* by new matter *nunc pro tunc* based upon events occurring after the pleadings had closed. *Woods v. White,* 97 Pa. 222 (1881); *Krider v. Lafferty,* 1

Whar 303, 312 (Pa.1836); *Garvin v. Dawson*, 13 Ser. & Raw. 246 (Pa.1825); *cf.* II *Bouvier's Law Dictionary* 2769 (Rawle's Rev.1914). The rigors of the common law *puis darrien* continuance plea have been ameliorated by its successor, Pa.R.C.P. 1033. Under the common law, interjection of a *puis darrien* continuance plea involved an all-or-nothing gamble, as it was a *substitute* plea which withdrew all other defenses and confessed liability to the full amount demanded by the opposing party's pleadings if the bar was found to be improper or ineffectual. *See Woods v. White, supra.* Under Pa.R.C.P. 1033, an amendment to assert a collateral estoppel or *res judicata* claim in new matter based on events occurring after the pleadings are joined *does not require a waiver of other claims;* rather, it requires merely leave of court, or consent of the opposing party. *See* Pa.R.C.P. 1033.

## Conclusion

The appeal from the Luzerne County trial court order denying leave to amend is Quashed. The order of the Clarion County trial court granting preliminary objections and dismissing the complaint is Reversed, the complaint is Reinstated, and the case is Remanded for further proceedings consistent with this Opinion. Jurisdiction is Relinquished.