**Devlin v. Wolf**

*Judith G. Hirsh,* for plaintiff.
*Mary F. Morris,* for defendant.

KUHN, *J.,* August 12, 1992—On July 31, 1991, Devlin filed a complaint alleging that he and Wolf are general partners in North American Rock Co., a limited partnership organized under the laws of Connecticut and that Wolf is also a limited partner thereof. Devlin alleges that Wolf has reneged on his fiduciary responsibilities as a general partner of NARC resulting in Devlin incurring expense on behalf of the partnership for which he seeks one-half reimbursement.

On August 20, 1991, Wolf filed preliminary objection in the form of lis pendens alleging that on July 9, 1990,

he had filed an action against Devlin in Connecticut averring that Devlin had violated his fiduciary duty to NARC. To this complaint Devlin filed a counterclaim on December 12, 1990, alleging that Wolf breached his fiduciary duties as a general partner of NARC. As part of the instant preliminary objections, Wolf requested that Devlin's Pennsylvania complaint be dismissed or the proceedings stayed. Wolf denied that the Connecticut counterclaim and the instant complaint are identical because the former seeks an accounting and indemnification while the latter seeks contribution for expenses incurred on behalf of NARC. Argument on preliminary objections was set for November 27, 1991.

On November 4, 1991, Wolf filed a motion for a protective order under Pa.R.C.P. 4012(a) requesting that depositions scheduled by Devlin for November 25, 1991, be stayed pending disposition of the preliminary objections. That request was granted per order of November 8, 1991.

On November 26, 1991, Wolf filed an amended preliminary objection for the purpose of attaching an amended counterclaim filed by Devlin in the Connecticut action on April 16, 1991.

It should be noted that while Wolf has used the term 'lis pendens' to describe his defense the appropriate term is 'lis alibi pendens,' *Davis Cookie Co. Inc. v. Wasley,* 389 Pa. Super. 112, 566 A.2d 870 (1989), which refers to the pendency of a prior action.

A lis alibi pendens is a plea in abatement requiring the satisfaction of a three-pronged test: (1) identity of parties acting in the same legal capacity; (2) identity of the cause of action; and (3) identity of rights asserted and relief requested. *Davis Cookie Co. Inc. v. Wasley, Id; Norristown Automobile Co. Inc. v. Hand,* 386 Pa. Super. 269, 562 A.2d 902 (1989); *Virginia Mansions Condominium Association v. Lampi,* 380 Pa. Super. 452,

552 A.2d 275 (1988); *Singer v. Dong Sup Cha,* 379 Pa. Super. 556, 550 A.2d 791 (1988); *Penox Technologies Inc. v. Foster Medical Corp.,* 376 Pa. Super. 450, 546 A.2d 114 (1988). The purpose of the plea is to protect a defendant from the harassment of having to defend multiple suits upon the same cause of action at the same time. Resolution of the issue is a question of law determinable from an inspection of the pleadings and where the test is satisfied, the plea must be sustained. *Davis Cookie Co. Inc. v. Wasley, supra,* 389 Pa. Super. at 121, 566 A.2d at 874.

After a careful review of the pleadings we must sustain the plea for several reasons. First, while the parties in the Pennsylvania action are two of the parties in the Connecticut action and in each case their involvement is as a partner in NARC the Connecticut action involves other individual partners and the corporation. Where numerous other parties are involved in the litigation the defense may not be appropriate. *Virginia Mansions Condominium Association v. Lampi, Id.* Second, the causes of action differ. The Pennsylvania litigation is an action at law whereas the Connecticut action appears to be in equity. Such a distinction is dispositive. *Davis Cookie Co. Inc. v. Wasley, supra; Penox Technologies Inc. v. Foster Medical Corp., supra.* Third, the relief requested is different. In Pennsylvania, Wolf seeks contribution for expenses he allegedly incurred on behalf of NARC whereas in the Connecticut action he seeks an accounting of Devlin's actions involving NARC as well as contribution for expenses incurred by Wolf on behalf of NARC arising out of Devlin's alleged failure to perform his duties as a general partner. Fourth, and perhaps most importantly, the pendency of a foreign action does not serve as a bar to a Pennsylvania action, even if identical, where the judgment sought in each, as here, is in personam;

at least until judgment is rendered. *Singer v. Dong Sup Cha, supra.*

The question which causes the most pause is the request for a stay of the Pennsylvania proceeding. Even where the plea of lis alibi pendens is unavailable the trial court, through its inherent equitable powers, may stay proceedings in the second action during the pendency of the first so as not to sanction duplication of effort and waste of judicial resources. *Norristown Automobile Co. Inc. v. Hand, supra; Singer v. Dong Sup Cha, supra.*

A careful review of Count II of Devlin's amended counterclaim in Connecticut and the Pennsylvania complaint reveals that he is seeking in both to identify expenses he was allegedly forced to incur on behalf of NARC because of Wolf's failure to properly act as a general partner and to obtain reimbursement for one-half of these expenses. Under those circumstances, a stay may be reasonable. However, if Wolf fails to vigorously pursue his Connecticut action, Devlin's claim, assuming it has merit, should not be held in abeyance in either forum.

This court, therefore, declines to order a stay at this time. However, upon request, we are willing to monitor discovery so that efforts are not duplicated nor a source of harassment in the several jurisdictions.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, August 12, 1992, defendant's amended preliminary objection is hereby dismissed and the stay of discovery lifted.

Defendant is granted 20 days from the date of mailing of this order to file an answer to the complaint.