## Berardi v. Prestige Homesites Inc.

C.P. of Monroe County, no. 4777 CIVIL 2005.

*Marshall E. Anders,* for plaintiff.
*John Hiscott,* for defendant.

CHESLOCK, *J.,* February 8, 2006—On June 24, 2005, plaintiff Michael Berardi commenced this action by fil-

ing a praecipe for writ of summons against defendants, Prestige Homesites Inc. and Leonard J. Sturmack. On October 28, 2005, plaintiff filed a complaint which was captioned *"Michael Berardi v. Leonard J. Sturmack and Tracy E. Sturmack, his wife, Defendants."* The allegations contained in the complaint allege that plaintiff and defendant, Leonard J. Sturmack, are each owners of 50 percent of the issued and outstanding shares of stock of Environmental Resources Inc. and Prestige Homesites Inc. The complaint avers that Environmental Resources Inc. and Prestige Homesites Inc. were formed for the sole purpose of acquiring and selling real estate. Plaintiff and defendant, Leonard J. Sturmack, are alleged to be equal shareholders in both corporate entities. Plaintiff alleges that Sturmack, without the corporate authority or knowledge of plaintiff, averted funds of Environmental Resources Inc. to his own use. Further, plaintiff alleges, inter alia, that Sturmack, without corporate authority or corporate action and without the knowledge of plaintiff, converted $8,000 of Prestige Homesites Inc.'s funds to his sole and exclusive use. Additionally, plaintiff's complaint sets forth a cause of action against Leonard J. Sturmack and Tracy E. Sturmack for civil conspiracy. On November 17, 2005, Tracy E. Sturmack filed preliminary objections to plaintiff's complaint in the nature of a motion to strike. On November 17, 2005, Sturmack filed separate and distinct preliminary objections to plaintiff's complaint in the nature of a motion to strike and motion for a more specific complaint. On December 1, 2005, plaintiff filed an answer to preliminary objections of Tracy E. Sturmack. On December 1, 2005, plaintiff filed preliminary objections to Sturmack's prelimi-

nary objections. We heard oral arguments in this matter on January 3, 2006. The parties have filed briefs in support of their respective positions and we are now prepared to dispose of this matter.

The Pennsylvania Rules of Civil Procedure provide as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form of service of a writ of summons or a complaint;

"(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) insufficient specificity in a pleading: . . .

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading." Pa.R.C.P. 1028(a)(1), (2), (3), (b).

We will now address the preliminary objections filed by Tracy E. Sturmack. In her objections, Ms. Sturmack contends that original process of service has not been made upon her, and therefore the court lacks jurisdiction over her person. In addition, she has filed preliminary objections in the nature of a motion to strike pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2), alleging improper designation or substitution of a party without order of court in violation of Pennsylvania Rules of Civil Procedure 1033. Specifically, she argues that the designation of Tracy E. Sturmack on the caption of the

case and assertion of a cause of action against her violates the Pennsylvania Rules of Civil Procedure. In response, the plaintiff filed an answer to the preliminary objections admitting that there has been no service of a complaint or writ of summons on Tracy E. Sturmack. Plaintiff also agrees that he made an improper designation in the caption. Accordingly, since the plaintiff agrees with Tracy E. Sturmack's preliminary objections, we will sustain her objections and strike her as a defendant in this matter and order that the caption be so amended.

Sturmack has also filed preliminary objections. His first objection is in the nature of a motion to strike due to the improper designation of Tracy E. Sturmack as a defendant on the caption of this case. This objection has been discussed and determined above and is moot. In addition, Sturmack requests this court to strike allegations in plaintiff's complaint which characterize him in a criminal nature as being scandalous and impertinent. In order to be "scandalous and impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth of Pennsylvania,* 710 A.2d 108, 115 (Pa. Commw. 1998), *aff'd,* 562 Pa. 632, 757 A.2d 367 (2000). (citation omitted) After review of the complaint we agree that the inclusion of the words "theft" and "criminal nature" in paragraphs 11, 14, 18 and 21 are immaterial and inappropriate to the proof necessary to the cause of action. Therefore, the inclusion of the words "theft" and "criminal nature" in paragraphs 11, 14, 18 and 21 should be stricken from the complaint. Accordingly, we will sustain Sturmack's objection to strike scandalous and impertinent matter from the complaint.

Next, Sturmack has filed preliminary objections in the nature of a motion for more specific complaint. It is the function of a pleading to put the opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. See 2 Goodrich-Amram 2d. §1019:2.1 (2001). Pa.R.C.P. 1019(a) requires the content of pleading to set forth material facts on which the cause of action or defense is based in a concise and summary form. "The purpose of (1019(a)) is to require the pleader to disclose the 'material facts' sufficient to enable the adverse party to prepare his case." *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974), citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The *Baker* court further stated that "[a]llegations will withstand challenge under 1019(a) if (1) they contain averments of all the facts the plaintiff will eventually have to prove in order to recover . . . and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense.' " *Id.* at 350, 324 A.2d at 505-506. (citations omitted)

Sturmack's objection to the complaint is that it lacks specificity in regards to the agreement between plaintiff and Sturmack, including but not limited to the acquisition of a Poc-Data list for purposes of solicitation of lots to purchase. In reviewing the plaintiff's complaint, we do not believe it must be a complete narrative of the events between the plaintiff and Sturmack. The complaint discloses sufficient material facts to enable Sturmack to prepare his defense. Many of the matters objected to can be resolved through the discovery process. For example, the material terms of the agreement between the parties or that equal distributions have been made to both

Sturmack and plaintiff and that the Poc-Data mailing list was to be the corporate opportunity of both Prestige Homesites Inc. and Environmental Resources Inc. Hence, we will not require plaintiff to amend his complaint to specifically allege details which can be revealed during the discovery process. Accordingly, we will overrule Sturmack's objection on this issue.

Sturmack has raised an objection alleging that plaintiff failed to attach a copy of the alleged agreement to the complaint as provided for in Pa.R.C.P. 1019(h). Rule 1019(h) provides, in pertinent part, that, "[w]hen a claim or defense is based upon writing, the pleader shall attach a copy of the writing, or material part thereof, . . . ." After a review of the complaint, we do not find where plaintiff indicates that an agreement, oral or written, exists between the parties. If Sturmack possesses a copy of a writing which sets forth the terms of the parties' agreement, he should attach it to his answer, as provided for in Rule 1019(h). However, we will not require plaintiff to amend his complaint to specifically allege details which can be revealed during the discovery process. Accordingly, we will overrule Sturmack's objection on this issue.

Next, Sturmack filed preliminary objections in the nature of a motion to strike plaintiff's request for punitive damages. The assessment of punitive damages is proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal Inc. vs. Continental Grain Co.,* 526 Pa. 489, 493, 587 A.2d 702, 704 (1991). (citation omitted) Punitive damages are awarded to punish that person for such conduct. *Id.* In the case of *SHV*

*Coal,* our Supreme Court adopted section 908(2) of Restatement (Second) of Torts, stated as follows:

"(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's *evil motive or his reckless indifference to the rights of others.* In assessing punitive damages, the trier of the fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." (emphasis in original)

In reviewing plaintiff's complaint, we find that he averred that Sturmack acted with careless and/or reckless and/or wanton and/or willful misconduct in the conversion of corporate funds. We do not believe that the acts alleged by plaintiff rise to the outrageous nature necessary for the award of punitive damages. Here, aside from conclusory statements that Sturmack's conduct was outrageous and intentional, the plaintiff fails to allege any material facts that demonstrate such conduct was done with an evil motive. Even accepting as true the material allegations in the complaint, we cannot infer that Sturmack's conduct is outrageous due to any evil motive. Accordingly, we sustain Sturmack's preliminary objection on this issue.

Sturmack has filed preliminary objections in the nature of a motion to strike plaintiff's complaint alleging the pendency of a prior action filed in Pike County on June 17, 2005. A preliminary objection in the nature of a motion to dismiss/strike based on the pendency of a prior action derives from the ancient maxim *"nemo debet bis vexari pro una et eadem cause, "* meaning that "no man shall be twice vexed for the same cause of action." See

*Davis Cookie Co. Inc. v. Wasley,* 389 Pa. Super. 112, 119, 566 A.2d 870, 873 (1989). (citations omitted) (emphasis in original) Under Pennsylvania law, the question of a pending prior action is "purely a question of law determinable from an inspection of the pleadings." *Davis Cookie Co. v. Wasley,* 389 Pa. Super. 112, 121, 566 A.2d 870, 874 (1989). (citation omitted) To sustain a preliminary objection based on a pending prior action, the objecting party must establish to the court that in each case the parties are the same, and the rights asserted and the relief sought is the same. *Virginia Mansions Condominium Association v. Lampl,* 380 Pa. Super. 452, 456, 552 A.2d 275, 277 (1988). This three-prong test must be strictly adhered to when a party is seeking dismissal under the doctrine of a prior pending action. *Norristown Automobile Co. v. Hand,* 386 Pa. Super. 269, 562 A.2d 902 (1989).

In the instant matter, Sturmack asserts that this action should be dismissed due to the Pike County action involving the same parties and the same issues. We disagree. While it is true that a prior pending action exists between some of the parties, the Pike County matter involves Tracy F. Sturmack, who is not a party in this action. Hence, we cannot conclude that the Pike County action involves identical parties. However, upon review of the Pike County complaint, the legal theories, rights or prayers for relief appear to be identical. Nevertheless, we shall overrule Sturmack's preliminary objection on this issue.

In addition, plaintiff has filed preliminary objections to Sturmack's preliminary objections in the nature of motions to strike. Plaintiff objects to Sturmack's second

preliminary objection in the nature of a motion for a more specific complaint because it contains facts which are not of record and inappropriate for determining the objections. Since we have overruled Sturmack's preliminary objection in the nature of a motion for a more specific complaint, this issue is moot.

Plaintiff's next three preliminary objections request this court to strike the third, fifth and sixth preliminary objections raised by Sturmack because they are speaking demurrers and are prohibited by the rules of civil procedure. We have disposed of Sturmack's preliminary objections as set forth above. However, the crux of Sturmack's third and fifth preliminary objections were argumentative in nature and amount to speaking demurrers. These issues are moot. In regard to Sturmack's sixth preliminary objection, the issue of the Poc-Data mailing list was not briefed other than to re-iterate the allegation. All issues are considered waived which are not supported by citation to appropriate legal authority. *Treasure Lake Property Owners Association v. Meyer,* 832 A.2d 477 (Pa. Super. 2003). Therefore, this issue is waived by Sturmack which renders plaintiff's preliminary objections moot.

Based upon the foregoing, we enter the following order:

## ORDER

And now, February 8, 2006, after oral argument and upon consideration of Tracy E. Sturmack's, not a party, preliminary objections to plaintiff's complaint and defendant Leonard J. Sturmack's preliminary objections,

it is hereby ordered that the preliminary objections are overruled in part and sustained in part, as follows:

Tracy E. Sturmack's preliminary objections are sustained, and it is ordered that she is stricken as a defendant in this matter and that the caption shall be amended to remove the designation of Tracy E. Sturmack as defendant.

Defendant Leonard J. Sturmack's preliminary objection in the nature of a motion to strike the improper designation of Tracy E. Sturmack as a defendant in this matter is moot.

Defendant Leonard J. Sturmack's preliminary objection in the nature of a motion to strike scandalous and impertinent matter is sustained and it is ordered that the words "theft" and "criminal nature" shall be stricken from the complaint in paragraphs 11, 14, 18, and 21.

Defendant Leonard J. Sturmack's preliminary objection in the nature of a motion for a more specific complaint is hereby overruled.

Defendant Leonard J. Sturmack's preliminary objection to plaintiff Michael Berardi's failure to attach writing to his complaint is overruled.

Defendant Leonard J. Sturmack's preliminary objection in the nature of a motion to strike plaintiff's request for punitive damages is sustained.

Defendant Leonard J. Sturmack's preliminary objection in the nature of a motion to strike due to the pendency of a prior action filed in Pike County is overruled.

It is further ordered that Plaintiff Michael Berardi's preliminary objections in the nature of motions to strike are overruled.